IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| JEANNIE CRULL,<br>　　　　　　　Plaintiff,<br>v.<br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br>　　　　　　　Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Jeannie Crull                                                                                              .

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,
as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendants**

5. Plaintiff/Decedent's Representative is/are suing the following Defendant (check all that apply):

      _X_   Novo Nordisk Inc.

      _X_   Novo Nordisk A/S

      _____   Eli Lilly and Company

      _____   Lilly USA, LLC

      _____   other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

    Sorrento, Florida

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

    Florida

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

    Florida

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

    Sorrento, Florida

10. Jurisdiction is based on:

    __X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the Middle District of Florida

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

     \_\_\_\_\_ other (plead in sufficient detail as required by applicable rules):

     _____

     _____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

     _____

Case 2:26-cv-00879-KSM   Document 1   Filed 02/11/26   Page 4 of 11

## **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

       <u>  X  </u>     Ozempic (semaglutide)

       <u>      </u>     Wegovy (semaglutide)

       <u>      </u>     Rybelsus (oral semaglutide)

       <u>      </u>     Victoza (liraglutide)

       <u>      </u>     Saxenda (liraglutide)

       <u>      </u>     Trulicity (dulaglutide)

       <u>  X  </u>     Mounjaro (tirzepatide)

       <u>      </u>     Zepbound (tirzepatide)

       <u>      </u>     Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

       Ozempic: April 2022- December 2023

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    <u>  X  </u>   Gastroparesis

    \_\_\_\_\_   Other gastro-intestinal injuries (specify) _____

    \_\_\_\_\_   Ileus

    \_\_\_\_\_   Ischemic Bowel/Ischemic Colitis

    \_\_\_\_\_   Intestinal Obstruction

    \_\_\_\_\_   Necrotizing Pancreatitis

    \_\_\_\_\_   Gallbladder Injury (specify) _____

    \_\_\_\_\_   Micronutrient Deficiency

    \_\_\_\_\_   Wernicke's encephalopathy

    \_\_\_\_\_   Aspiration

    \_\_\_\_\_   Death

    \_\_\_\_\_   Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    December 2023

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product, Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

<u>  X  </u>   Injury to self

_____   Injury to person represented

_____   Economic loss

_____   Wrongful death

_____   Survivorship

_____   Loss of services

_____   Loss of consortium

_____   other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

<u>  X  </u>   Count I:     Failure to Warn – Negligence

<u>  X  </u>   Count II:    Failure to Warn – Strict Liability

<u>  X  </u>   Count III:   Breach of Express Warranty/Failure to Conform to Representations

<u>  X  </u>   Count IV:    Breach of Implied Warranty

<u>  X  </u>   Count V:     Fraudulent Concealment/Fraud by Omission

<u>  X  </u>   Count VI:    Fraudulent/Intentional Misrepresentation

<u>  X  </u>   Count VII:   Negligent Misrepresentation/Marketing

<u>  X  </u>   Count VIII:  Strict Product Liability Misrepresentation/Marketing

<u>_____</u>   Count IX:    Innocent Misrepresentation/Marketing

<u>  X  </u>   Count X:     Unfair Trade Practices/Consumer Protection (see below)

<u>_____</u>   Count XI:    Negligence

<u>_____</u>   Count XII:   Negligent Undertaking

<u>  X  </u>   Count XIII:  State Product Liability Act (see below)

<u>_____</u>   Count XIV:   Wrongful Death

<u>_____</u>   Count XV:    Loss of Consortium

<u>_____</u>   Count XVI:   Survival Action

<u>_____</u>   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*., including but not limited to, Fla. Stat §§ 501.211(2) and 501.2105.

   b. Identify the factual allegations supporting those claims (by subsection, if applicable):

   Defendants misled consumers regarding the safety and risks associated with use of their GLP-1 RA Products by overstating benefits and understating risks from using the products. For more particular facts, see Counts I through X and XIII of the Amended Master Complaint (Doc. 481) and the Factual Allegations Section of the Amended Master Complaint, paragraphs 29 – 110 and 153 – 603.

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    Florida Product Liability Act, Fla. Stat §§ 768.81(a)(d), (3); 768.1256-57.

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

    See Counts I through X, and XIII, including Failure to Warn – Negligence; Failure to Warn – Strict Liability; Beach of Express Warranty / Failure to Conform to Representations; Breach of Implied Warranty; Fraudulent Concealment / Fraud of Omission; Fraudulent / Intentional Misrepresentation; Negligent Misrepresentation / Marketing; and provisions of Fla Stat. §§ 768.81(1)(d), (3); 768.1256-57, as set forth above.

    c. Identify the factual allegations supporting those claims:

    Defendants as both a seller and manufacturer of the GLP-1 products produced a defective product that was inherently unsafe and known to be unsafe and which defendants knew could have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed to provide adequate warnings or information with regard to their product and misled consumers regarding the safety and the risks associated with their GLP-1 product by overstating benefits and understating risks from using the products. See Counts I though XIII, and the Factual Allegations section, paragraphs 29-110 and 153-603, of the Amended Master Complaint (Doc. No. 481).

\* ***Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

## RELIEF

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiffs may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: 02/09/2026

By:

 */s/ Thomas Roe Frazer III*
Thomas Roe Frazer III
(#33296)
FRAZER PLC
30 Burton Hills Blvd, Ste 450
Nashville, TN 37215
(615) 647-6464 (Telephone)
(615) 307-4902 (Fax)
trey@frazer.law
*Attorney for Plaintiff*